IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GOVERNMENT TELECOMMUNICATIONS, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 05-463C (Senior Judge Smith) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to plaintiff's complaint, defendant admits, denies, and alleges as follows:

1. The allegation contained in the first sentence of paragraph one is a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied. The allegation contained in the second sentence of paragraph one is plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

2. The allegation contained in paragraph two is a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

3. Denies the allegation contained in the first sentence of paragraph three, for lack of knowledge or information sufficient to form a belief as to its truth. Admits the allegations contained in the second sentence of paragraph three to the extent supported by the contracts cited, which are the best evidence of their contents; otherwise denies the allegations contained in the

second sentence of paragraph three. Denies the allegations contained in the third, fourth, and fifth sentences of paragraph three for lack of knowledge or information sufficient to form a belief as to their truth.

4. The allegation contained in paragraph four is plaintiff's characterization of its case, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

5. The allegations contained in the first sentence of paragraph five are plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegation contained in the second sentence of paragraph five. The allegations contained in the third and fourth sentences of paragraph five are plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

6. Admits the allegations contained in the first sentence of paragraph six to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph six. Admits the allegations contained in the second and third sentences of paragraph six. The allegation contained in the fourth sentence of paragraph six is a conclusion of law, to which

no response is required; to the extent it may be deemed an allegation of fact, it is denied. Admits the allegation contained in the fifth sentence of paragraph six.

7. Admits the allegations contained in paragraph seven to the extent supported by the Statement of Work ("SOW") cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph seven.

8. Admits.

9. Admits.

10. Denies the allegations contained in paragraph ten.

11. Admits the allegations contained in paragraph 11 to the extent supported by the SOW cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11.

12. Admits the allegations contained in the first, second, and third sentences of paragraph 12 to the extent supported by the SOW cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first, second, and third sentences of paragraph 12. Admits the allegation contained in the fourth sentence of paragraph 12 to the extent supported by United States Postal Service ("USPS") Administrative Support Manual cited, which is the best evidence of its contents; otherwise denies the allegation contained in the fourth sentence of paragraph 12.

13. Admits the allegations contained in the first and second sentences of paragraph 13 to the extent supported by the SOW cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first and second sentences of paragraph 13. Admits the allegation contained in the third sentence of paragraph 13 to the extent supported by USPS Administrative Support Manual cited, which is the best evidence of its contents; otherwise denies the allegation contained in the third sentence of paragraph 13.

14. Denies the allegations contained in paragraph 14 for lack of knowledge or information sufficient to form a belief as to their truth.

15. The allegations contained in paragraph 15 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are admitted to the extent supported by the electronic mail cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 15.

16. Admits the allegations contained in paragraph 16 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 16.

17. Admits the allegations contained in paragraph 17 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 17.

18. Admits the allegations contained in the first and second sentences of paragraph 18 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first and second sentences of paragraph 18. Admits the allegation contained in the third sentence of paragraph 18, that "the criteria for a 'non-sensitive' clearance are not as comprehensive as those for a 'sensitive' clearance" to the extent supported by the parties' contract, which is the best evidence of its contents; otherwise denies this allegation; denies the remaining allegations contained in the third sentence of paragraph 18, for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegation contained in the fourth sentence of paragraph 18 to the extent supported by the parties' contract, which is the best evidence of its contents; otherwise denies the allegation contained in the fourth sentence of paragraph 18.

19. The allegation contained in paragraph 19 is a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is admitted to

the extent supported by the parties' contract, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 19.

20. Admits the allegation contained in the first sentence of paragraph 20 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegation contained in the first sentence of paragraph 20. Denies the allegation contained in the second sentence of paragraph 20 for lack of knowledge or information sufficient to form a belief as to its truth.

21. Admits the allegation contained in the first sentence of paragraph 21 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegation contained in the first sentence of paragraph 21. Denies the allegation contained in the second sentence of paragraph 21 for lack of knowledge or information sufficient to form a belief as to its truth. The allegation contained in the third sentence of paragraph 21 is a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

22. Admits the allegations contained in paragraph 22 to the extent supported by the SOW cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 22.

23. Admits the allegations contained in paragraph 23 to the extent supported by the SOW cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 23.

24. Denies the allegation contained in the first sentence of paragraph 24 for lack of knowledge or information sufficient to form a belief as to its truth. Admits the allegations contained in the second sentence of paragraph 24 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in the second sentence of paragraph 24.

25. Denies the allegations contained in the first and second sentences of paragraph 25 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegation contained in the third sentence of paragraph 25 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegation contained in the third sentence of paragraph 25.

26. Admits the allegations contained in paragraph 26 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 26.

27. Admits the allegation contained in the first sentence of paragraph 27 to the extent supported by the parties' contract, which is the best evidence of its contents; otherwise denies the allegation contained in the first sentence of paragraph 27. Denies the allegation contained in the second sentence of paragraph 27. Denies the allegation contained in the third sentence of paragraph 27 that the USPS delegated that function to Northrop Grumman consultants; defendant asserts, however, that Northrup Grumman consultants attended the site surveys and provided support as USPS representatives.

28. Denies.

29. Denies.

30. Denies the allegations contained in the first and second sentences of paragraph 30. Admits the allegation contained in the third sentence of paragraph 30 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegation contained in the third sentence of paragraph 30.

31. Admits the allegation contained in the first sentence of paragraph 31. Admits the allegation contained in the second sentence of paragraph 31 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegation contained in the second sentence of paragraph 31. Denies the allegation contained in the third

sentence of paragraph 31 for lack of knowledge or information sufficient to form a belief as to its truth.

32. Denies the allegations contained in the first sentence of paragraph 32. Admits the allegation contained in the second sentence of paragraph 32 that "[t]hese additional tasks were neither required by the Contract" to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies that allegation contained in the second sentence of paragraph 32; denies the remaining allegations contained in the second sentence of paragraph 32 for lack of knowledge or information sufficient to form a belief as to their truth.

33. Denies the allegation contained in the first sentence of paragraph 33 for lack of knowledge or information sufficient to form a belief as to its truth. Denies the allegation contained in the second sentence of paragraph 33.

34. Denies the allegation contained in the first sentence of paragraph 34 for lack of knowledge or information sufficient to form a belief as to its truth. Admits the allegation contained in the second sentence of paragraph 34 that "the Contract required that the final as-built designs be depicted in a CAD formal" to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies this allegation; denies the remaining allegation contained in the second sentence of paragraph 34 for lack of knowledge or

information sufficient to form a belief as to its truth.

35. Denies the allegations contained in paragraph 35 for lack of knowledge or information sufficient to form a belief as to their truth.

36. Denies the allegations contained in the first and second sentences of paragraph 36 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegation contained in the third sentence of paragraph 36, that the alleged additional tasks were not required by the contract, to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies this allegation; denies the remaining allegation contained in the third sentence of paragraph 36 for lack of knowledge or information sufficient to form a belief as to its truth.

37. Denies.

38. Admits the allegation contained in the first sentence of paragraph 38 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegation contained in the first sentence of paragraph 38. Denies the allegation contained in the second sentence of paragraph 38 for lack of knowledge or information sufficient to form a belief as to its truth.

39. Admits the allegation contained in the first sentence of paragraph 39 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegation contained in the first sentence of paragraph 39. Denies the allegation contained in the second sentence of paragraph 39 for lack of knowledge or information sufficient to form a belief as to its truth. The allegation contained in the third sentence of paragraph 39 is a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

40. Defendant's responses to paragraphs 1 through 39 of the complaint are incorporated by reference.

41. Admits the allegations contained in paragraph 41 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 41.

42. The allegation contained in paragraph 42 is a conclusion of law, to which no response it required; to the extent it may be deemed an allegation of fact, it is denied.

43. Denies.

44. The allegation contained in the first sentence of paragraph 44 is a conclusion of law, to which no response it required; to the extent it may be deemed an allegation of fact, it is denied. Denies the allegation contained in the second

sentence of paragraph 44.

45. The allegations contained in paragraph 45 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies that plaintiff is entitled to the relief requested in its prayer for relief following paragraph 45 or to any relief whatsoever.

46. Defendant's responses to paragraphs 1 through 45 of the complaint are incorporated by reference.

47. Admits the allegations contained in paragraph 47 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 47.

48. Denies.

49. Denies.

50. The allegation contained in the first sentence of paragraph 50 is a conclusion of law, to which no response it required; to the extent it may be deemed an allegation of fact, it is denied. Denies the allegation contained in the second sentence of paragraph 50.

51. The allegations contained in paragraph 51 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies that plaintiff is entitled to the relief requested in its

prayer for relief following paragraph 51 or to any relief whatsoever.

52. Defendant's responses to paragraphs 1 through 51 of the complaint are incorporated by reference.

53. The allegation contained in paragraph 53 is a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

54. Denies.

55. Denies.

56. The allegations contained in paragraph 56 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Denies that plaintiff is entitled to the relief requested in its prayer for relief following paragraph 56 or to any relief whatsoever.

57. Defendant's responses to paragraphs 1 through 56 of the complaint are incorporated by reference.

58. The allegation contained in paragraph 58 is a conclusion of law, to which no response is required; to the extent it may be deemed an allegation of fact, it is denied.

59. Denies.

60. Denies.

61. The allegations contained in paragraph 61 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

62. Denies that plaintiff is entitled to the relief requested in its prayer for relief following paragraph 61 or to any relief whatsoever.

63. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.

HAROLD D. LESTER, JR.
Assistant Director

s/ Lauren S. Moore

LAUREN S. MOORE
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 307-6288
Fax: (202) 514-8640

Attorneys for Defendant

OF COUNSEL:

RENEE C. MACRI
Attorney
United States Postal Service
Law Department

JULY 28, 2005

**CERTIFICATE OF FILING**

I hereby certify that on the 28th day of JULY, 2005, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Lauren S. Moore