IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| Government Telecommunications, Inc.<br><br>Plaintiff,<br><br>v.<br><br>The United States,<br><br>Defendant. | ) | Nos. 05-463C, 05-491C, 05-547C, 05-592C |

**PLAINTIFF'S UNOPPOSED MOTION TO CONSOLIDATE**

Plaintiff, Government Telecommunications, Inc. (GTI), by counsel, moves pursuant to RCFC 42 and 42.1 to consolidate Civil Action Nos. 05-463C, 05-491C, 05-547C and 05-592C, all of which are pending before the Honorable Loren A. Smith. Counsel for the United States in each of these four actions, Ms. Lauren S. Moore, has authorized GTI to represent that the United States consents to this motion. Obviously, counsel for the United States may not necessarily agree with GTI's characterization of the actions described below, and thus GTI's representation of the Government's assent to this motion is not intended to extend to GTI's characterizations of the underlying matters at issue discussed below.

**Facts**

On April 7, 2003, the United States Postal Service (USPS or Postal Service) issued RFP 3AAERD-03-A-1200, which was accompanied by a statement of work (SOW) defining the requirements for upgrading the existing local area network wiring for certain mail processing plants and related sites. According to the SOW, the scope of work for this program, termed the Mail Processing Infrastructure or MPI program by USPS, included pre-installation, installation, and post-installation activities necessary for successful structured wiring implementation. The

Postal Service awarded resulting Contract 3AAERD-03-P-6080 (the Contract) to GTI on June 20, 2003.

The GTI complaints at issue here allege that GTI experienced a number of occasions during the course of performance where it incurred additional costs due solely to the actions, inactions, or decisions of the Postal Service and for which GTI, pursuant to the terms of the Contract or otherwise, is entitled to an upward adjustment in Contract price. GTI filed six separate Requests for Equitable Adjustment (REA) seeking upward adjustments in Contract price. When no such pricing adjustments were forthcoming, and following the passage of sufficient intervals of time, GTI separately re-filed these matters as certified claims under the Contract Disputes Act (CDA), 41 U.S.C. § 609 *et seq*. When the Postal Service failed to issue final decisions on these certified claims within the statutory timeframe, GTI invoked the "deemed denied" provision of the Act and properly brought these matters before this Court.

The four actions that the parties seek to consolidate are Civil Action Nos. 05-463C, 05-491C, 05-547C, and 05-592C. The reason that the number of actions before the Court does not match the number of certified claims that were deemed to be administratively denied is that Civil Action No. 05-463C bundles together two of the claims and Civil Action No. 05-547C bundles together two of the claims. The matters raised in each of these actions may be summarized as follows:

***Civil Action No. 05-463C***

GTI filed this on action April 11, 2005 seeking recovery for the additional costs it incurred for processing security clearances and for performing site surveys under the Contract. GTI alleges that it is entitled to recover these additional costs under a number of legal theories, including the constructive change doctrine. The amounts claimed by GTI are $101,557 for the

additional cost of processing security clearances and $266,315 for the additional cost of performing site surveys. The total amount claimed by GTI in this action is $367,872, plus interest as allowed under the CDA.

***Civil Action No. 05-491C***

GTI filed this action on April 22, 2005 seeking recovery for the additional costs it incurred as a result of technical changes made by the Postal Service to the conduit requirements under the Contract. More particularly, GTI alleges that it is entitled to its additional costs in complying with USPS's various directions that changed the design from liquidtight flexible metal conduit (liquidtight) supported by a wire rope mechanism (supported liquidtight) to electrical non-metallic tubing, then to Mohawk cable, and finally back to supported liquidtight. Because of these changes, all of which were directed by the Postal Service, GTI seeks recovery of $82,364, plus interest as allowed under the CDA.

***Civil Action No. 05-547C***

GTI filed this action on May 13, 2005 seeking recovery for the additional costs it incurred in performing the Contract associated with (a) the un-reimbursed quantities of Program/Onsite Project Management, and (b) Phase II option Contract Line Item Number (CLIN) re-pricing. The amounts claimed by GTI are $4,949,421 for the un-reimbursed quantities of Program/Onsite Project Management and $793,415 for the Phase II option CLIN re-pricing. The total amount claimed by GTI in this action is $5,742,836, plus interest as allowed under the CDA.

***Civil Action No. 05-592C***

GTI filed this action on June 2, 2005 seeking recovery for the increased costs of additional project site complexities it encountered in its performance under the Contract. USPS

directed GTI to bid all sites as if they were "Merrifield-like," *i.e.*, non-complex sites. In actuality, alleges GTI, the work environment at a number of these sites proved to be far more complex than the "Merrifield-like" baseline that GTI was told to assume when preparing its pricing for the MPI work. GTI contends that this action is supported by a number of independent, but complementary, legal theories, including: (a) equitable estoppel; (b) constructive change; and (c) defective specification. The total amount claimed by GTI in this action is $756,946, plus interest as allowed under the CDA.

## **Legal Argument**

RCFC 42(a) governs consolidation of cases before the Court; it provides as follows:

> **(a) Consolidation.** When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

"In determining whether consolidation is appropriate, the court must weigh the risks of prejudice and possible confusion against the risk of inconsistent adjudication of common factual and legal issues, the burden on parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Boston Edison Co. v. United States*, 2005 WL 1793410 at *2 (Fed. Cl.) (citations and quotations omitted).

Judicial economy would be well served by consolidation of the four actions described above. All the actions arise out of the same contract between the same parties, and they share a common factual nucleus. All the actions involve the same type of claim by GTI, *i.e.*, its claim that the Postal Service's actions or inactions led GTI to incur additional costs for which it is

entitled to compensation. Consolidation will allow the parties to conduct discovery in a unified manner and to try one case instead of four. Accordingly, consolidation will conserve the Court's resources and ease the burdens on the parties. In addition, consolidation will ease the burdens on the witnesses who are expected to testify, since some of these individuals have knowledge that pertains to two or more of the actions. If the actions are not consolidated, such witnesses could face multiple depositions and trials.

GTI would also point out that the government's Answer to Civil Action No. 05-592C is due on September 15, 2005. Both parties respectfully request that if the Court consolidates the four actions at issue in this motion, that the Court also set the filing date for the Joint Preliminary Status Report (JPSR) for the consolidated actions for no later than October 31, 2005.

WHEREFORE, GTI respectfully requests that the Court consolidate Civil Action Nos. 05-463C, 05-491C, 05-547C and 05-592C and grant such other relief as this Court deems appropriate.

Dated: this 14th day of September 2005.

Respectfully submitted,

**Government Telecommunications, Inc.**

By Counsel:

__/s/John C. Person________
John C. Person, Esquire
PERSON & CRAVER LLP
1801 K Street, N.W.
Washington, D.C. 20006
(202) 466-4434 – phone
(202) 466-4416 – fax
jcperson@perscrav.com

Attorneys for Plaintiff

Of Counsel:

Michael Krawitz, Esq.
General Counsel, Applied Digital