IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| GOVERNMENT TELECOMMUNICATIONS, INC., | ) |
| Plaintiff, | ) |
| v. | ) No. 05-463C |
| | ) (Senior Judge Smith) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

JOINT PRELIMINARY STATUS REPORT

Pursuant to the Court's order dated September 19, 2005, and Appendix A of the rules of the United States Court of Federal Claims, counsel for plaintiff and defendant respectfully submit the following joint preliminary status report.

4a. Jurisdiction:

The plaintiff believes that the Court possesses jurisdiction to entertain and to decide this action pursuant to the Tucker Act, 28 U.S.C. § 1491. Defendant is currently unaware of any reason why the Court would not have jurisdiction to entertain and decide this action.

b. Consolidation:

The parties agree that this case should not be consolidated with any other case.

c. Bifurcation:

The parties currently do not believe that this case should be bifurcated.

d. Deferral:

The parties agree that this case should not be deferred pending the resolution of any other case, or transferred or remanded to another tribunal.

e. Remand/Suspension:

Neither party seeks a remand or suspension at this time.

f. Joinder:

Neither party intends to join additional parties at this time.

g. Dispositive Motions:

Counsel for both parties anticipate that they may file dispositive motions upon certain issues in this case. Counsel will notify the Court should they determine that a dispositive motion is appropriate.

The parties request that they be allowed to conduct fact discovery to and until April 30, 2006, and that any expert reports be submitted on or before June 15, 2006. The parties request that they be allowed to conduct discovery of experts from June 15, 2006 until July 15, 2006.

h. Relevant Issues:

Based upon a preliminary review of the case, the parties believe that the following issues are relevant in this case:

1. Whether, following award of the contract, the United States Postal Service ("USPS") constructively changed the contract, pursuant to its "Changes" clause, by escalating and reclassifying the security clearance requirements;

2. Assuming that the response to issue one above is in the affirmative, whether the change caused GTI to perform additional work and incur additional costs;

3. Assuming that the response to issue two above is in the affirmative, what were GTI's additional costs for which the USPS is liable;

4. Whether, following award of the contract, the USPS constructively changed the contract, pursuant to its "Changes" clause, by requiring GTI to perform additional site survey work;

5. Assuming that the response to issue four above is in the affirmative, whether the change caused GTI to perform additional work and incur additional costs;

6. Assuming that the response to issue five above is in the affirmative, what were GTI's additional costs for which the USPS is liable;

7. Whether, following award of the contract, the USPS constructively changed the contract, pursuant to its "Changes" clause, by changing the conduit requirements;

8. Assuming that the response to issue seven above is in the affirmative, whether the change caused GTI to perform

additional work and incur additional costs;

9. Assuming that the response to issue eight above is in the affirmative, what were GTI's additional costs for which the USPS is liable;

10. Whether, following award of the contract, the USPS: (a) breached its obligation to pay the Program Management Contract Line Number for Phases I and IIa unit price for all periods in which that work was performed; or (b) constructively changed the contract, pursuant to its "Changes" clause, by allegedly delaying and extending performance of the underlying work scope, thereby resulting in an underpayment of the accompanying Program Management Contract Line Number for Phases I and IIa unit price;

11. Assuming that the response to either subpart of issue ten above is in the affirmative, what is the correct payment for which the USPS is liable;

12. Whether the USPS properly exercised the Option Item Clause of the parties' contract;

13. If the answer to issue 12 above is negative, whether the USPS is liable to GTI for the cost of Phase II work, and if so, in what amount;

14. Whether the USPS: (a) is equitably estopped from allegedly denying that it agreed to make post-award complexity adjustments; (b) constructively changed the contract work scope

by allegedly representing to GTI that the work would be less complex than it really was; or (c) rendered the specifications defective by allegedly failing to disclose to GTI that it would not entertain post-award pricing adjustments to reflect added complexity;

15. If the answer to any subpart of issue 14 above is in the affirmative, whether the USPS is liable to GTI for complexity adjustments, and if so, in what amount.

i. Settlement:

The parties will explore the possibility of settlement, if appropriate, as this case progresses and each party has more complete information regarding the facts of this case.

The parties reserve their right to request a full evidentiary trial of this matter and do not request an arbitration, mediation, or paper trial at this time. The parties will continue to consider these alternatives to litigation throughout the course of these proceedings and will promptly advise the Court of any further developments.

j. Trial:

The parties anticipate that a trial will be necessary in the event that this case is not resolved through dispositive motions and/or settlement. The parties request that they be allowed to file status reports 30 days after the close of discovery regarding the necessity for trial.

k. <u>Electronic Case Management Needs</u>:

The parties recognize that this is an electronically-managed case and intend to file all documents in accordance with the Court's procedures for electronic filings.

l. <u>Additional Information</u>:

The parties are not aware of any additional information which the Court should be made aware of at this time.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.

HAROLD D. LESTER, JR.
Assistant Director

s/ John C. Person

JOHN C. PERSON
PERSON & CRAVER LLP
1801 K Street, N.W.
Washington, D.C. 20006
Tele: (202) 466-4434
Fax: (202) 466-4416

Attorney for Plaintiff

Dated: November 8, 2005

s/ Lauren S. Moore

LAUREN S. MOORE
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 307-6288
Fax: (202) 514-8640

Attorneys for Defendant

Dated: November 10, 2005

**CERTIFICATE OF FILING**

I hereby certify that on the 10th day of NOVEMBER, 2005, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court’s electronic filing system and that parties may access this filing through the Court’s system.

/s/ Lauren S. Moore